## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDDUARD PRINCE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Case No.: SAG-25-01561 |
| | * |
| JP MORGAN CHASE BANK N.A., *et al.*, | * |
| | * |
| Defendants. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Edduard Prince, who is self-represented, filed this action in state court against JPMorgan Chase Bank N.A. ("Chase") and its Chief Executive Officer, Jamie Dimon, for claims arising out of the foreclosure of Plaintiff's real property in Baltimore, Maryland. ECF 4. The record does not indicate that Mr. Dimon has been served with process. Chase removed the lawsuit to this Court, citing diversity jurisdiction. ECF 1. Three motions are currently pending: Plaintiff's motion for early discovery, ECF 6, Chase's motion to dismiss for failure to state a claim, ECF 7, and Plaintiff's motion to remand the case to state court, ECF 12. This Court has reviewed the motions along with the oppositions and replies that have been filed. ECF 9, 10, 13, 14, 15, 16, 17. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, Plaintiff's motion to remand will be DENIED, Chase's motion to dismiss will be GRANTED, this Court will *sua sponte* dismiss the claims against Mr. Dimon as time-barred, and Plaintiff's motion for early discovery will be DENIED AS MOOT.

## I. Factual Background[1]

In 2008, Plaintiff owned a home at 313 Berlin Avenue, Baltimore, Maryland ("the Property"). ECF 4 ¶ 6. Chase held a mortgage on the Property. *Id.* ¶ 7. In 2008, a fire damaged the Property. *Id.* ¶ 6. In September, 2008, Plaintiff "allow[ed]" his homeowner's insurance company, State Farm, to make an insurance payment of $110,000 to Chase and to cease paying for an apartment so that he could begin rebuilding his home. *Id.* ¶ 7. Plaintiff's mother invited him to reside with her "until the insurance proceeds were made available" to him. *Id.* ¶ 8. But as a result of delays in receiving the insurance funds, Plaintiff had to live in his car and relocated to Miami to escape the cold. *Id.* ¶ 10. Once he moved to Miami, he obtained a P.O. Box and established communications with Chase. *Id.* ¶ 11.

Plaintiff alleges that Chase withheld the insurance funds from him entirely until releasing only $10,000 to him around May, 2009. *Id.* ¶¶ 9, 13. Chase had assured Plaintiff that he would receive $36,000. *Id.* When he contacted Chase for an explanation, Chase told him that he "no longer owned the home" and ceased communicating with him. *Id.* ¶ 14. When Plaintiff returned to Maryland in 2022, he learned that Chase had "wrongfully foreclosed" on the Property in 2009 without providing notice to Plaintiff. *Id.* ¶¶ 14-15. Chase never paid Plaintiff additional insurance funds. *Id.* ¶ 17.

This Court is permitted to take judicial notice of documents filed in the state court foreclosure proceeding on the Property. *See Green v. Wells Fargo Bank, N.A.*, 927 F. Supp. 2d 244, 246 n.2 (D. Md. 2013) ("A federal district court may take judicial notice of documents from state court proceedings and other matters of public record in conjunction with a Rule 12(b)(6)

---

[1] The facts in this section, with the exception of those from the foreclosure action, are derived from Plaintiff's Complaint, ECF 4, and are taken as true for purposes of this motion.

2

motion without converting it to a motion for summary judgment."). Those records show that Plaintiff obtained a residential mortgage loan in the amount of $265,500 in February, 2008, secured by a Deed of Trust to the Property. ECF 7-2 at 3-22. On April 2, 2008, the lender, Washington Mutual Bank, F.A. ("WaMu"), notified Plaintiff he was in default. *Id.* at 2. On September 3, 2008, WaMu notified Plaintiff that it would foreclose on the Property unless Plaintiff cured the default. *Id.* at 31-32. On October 31, 2008, Chase appointed substitute trustees, who filed a Foreclosure Action on February 12, 2009. *Id.* at 26-28, 33-34, ECF 7-3. The Trustees issued notice of the Foreclosure Action to Plaintiff and advertised the foreclosure sale in accordance with Maryland law. ECF 7-2 at 32-33, ECF 7-3 at 6. The property sold at foreclosure to Federal Home Loan Mortgage Corporation on August 18, 2009, and the Circuit Court for Anne Arundel County ratified the sale on October 2, 2009. ECF 7-3 at 7.

## II.   Motion to Remand

Plaintiff argues that this case should be remanded to state court because Chase's removal before Mr. Dimon has been served failed to meet the procedural requirements of 28 U.S.C. § 1446. This Court disagrees.

28 U.S.C. § 1446(2)(A) provides that "all defendants who have been properly joined and served must join or consent to the removal of the action." The parties agree, here, that Mr. Dimon had not been served when Chase removed this case to federal court (and still apparently has not been served). ECF 7-1 at n.1, ECF 12 at 1-2. The plain language of the statute, then, does not require his consent and establishes that Chase's removal was proper. *See also Karic v. Schneider Nat'l Bulk Carriers, Inc.*, No. DLB-24-1327, 2024 WL 4753366, at *2 (D. Md. Nov. 12, 2024) (finding that a defendant need not join in or consent if "it had not been served with process at the time the removal petition was filed" (citation omitted)).

3

### III. Motion to Dismiss

Plaintiff's complaint asserts four counts: fraud, wrongful foreclosure, unjust enrichment, and violation of federal bailout agreements, all arising out of Chase's alleged actions with respect to the 2009 foreclosure on his property.[2] ECF 4. Plaintiff's claims are therefore barred by the statute of limitations. Maryland law provides that a "civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Md. Courts Jud. Proc. Art. § 5-101. Actions relating to Maryland foreclosure procedures are also subject to a three-year limitations period, running from "the date of the order ratifying the sale." Md. Code, Real Prop. § 7-105.1. Here, the state court entered the order ratifying the sale of the Property on October 2, 2009. ECF 7-3 at 7. Plaintiff did not file this lawsuit until more than fifteen years later. ECF 1.

Plaintiff argues that he only discovered the fraud in 2022 when he returned to Maryland and engaged in discussions about the Property with Chase. ECF 14 at 2. He contends that the "discovery rule" therefore tolls the statute of limitations until that time. *Id*. The discovery rule, however, provides that the statute of limitations begins to run when the plaintiff knows or should have known of the defendant's wrongdoing. *Poffenberger v. Risser*, 209 Md. 631, 636 (1981). Here, based on Plaintiff's own allegations in his Complaint, he learned in 2009 that he no longer owned the Property, and he knew that Chase refused to pay him the insurance proceeds they had promised him. ECF 4 at 3. He therefore knew or should have known of his claims at that time and his limitations period ran no later than 2012.

---

[2] The parties dispute whether Plaintiff also asserted a breach of contract claim. ECF 13, 14. Regardless, that claim also arises out of the 2009 foreclosure and would be time-barred for the same reasons that Plaintiff's other claims are time-barred. And because all of Plaintiff's claims are time-barred, this Court need not address whether the claims are otherwise cognizable or adequately pleaded.

Plaintiff also argues fraudulent concealment. ECF 14 at 3. "[T]o toll a limitations period based on fraudulent concealment, a plaintiff must establish that: (1) the party pleading the statute of limitations fraudulently concealed facts that are the basis of the plaintiff's claim, and (2) the plaintiff failed to discover those facts within the statutory period, despite (3) the exercise of due diligence." *Edmondson v. Eagle Nat'l Bank*, 922 F.3d 535, 548 (4th Cir. 2019) (internal citation omitted). The requirement of due diligence "charges a person to investigate when the information at hand would have prompted a reasonable person to do so." *SD3 II LLC v. Black & Decker (U.S.) Inc.*, 888 F.3d 98, 113 (4th Cir. 2018) (internal citation omitted). A plaintiff's claim is time-barred where reasonable inquiry would have revealed the basis for the claim.

Here, Plaintiff alleges that he owned real property in 2008 in Maryland, and did not check on the status of that property until he returned to Maryland fourteen years later, despite having been informed in 2009 that he "no longer owned" the Property. ECF 4 at 2-3. Moreover, he alleges that in May, 2009, despite Chase having told him that he would receive insurance proceeds of $36,000, he only received $10,000. *Id*. He alleges that at that time, Chase informed him that he no longer owned the home. *Id*. But he does not allege that he conducted any investigation at that time, when he was already aware of the harm, into the circumstances surrounding the Property or the insurance payment he believed he was due.[3] Plaintiff was fully aware that he had not received the insurance funds. *See id*. And the foreclosure was a public proceeding with records readily available to Plaintiff and every other member of the public. *See* ECF 7-3. Plaintiff's failure to conduct a reasonable investigation, despite the facts well-known and otherwise available to him, bars his

---

[3] While Plaintiff described difficult personal circumstances, including homelessness and distance from Maryland, he provides no case law suggesting that such circumstances are enough to toll the statute of limitations at all, and certainly not for a period well-exceeding a decade. ECF 14 at 2.

present claims. Plaintiff's claims are all far outside the applicable statute of limitations and must be dismissed with prejudice as time-barred.

Finally, Plaintiff also filed a Motion for Early Discovery, ECF 6, asking that certain records be produced before formal discovery begins. Given this Court's ruling on Chase's motion to dismiss, Plaintiff's motion is now moot. This Court will therefore not reach the issue of whether early discovery would have otherwise been warranted in the absence of any request for preliminary relief.

## IV.  Conclusion

For the reasons set forth above, Plaintiff's motion to remand, ECF 12, is DENIED and Chase's Motion to Dismiss, ECF 7, is GRANTED. This Court will dismiss *sua sponte* the claims against the unserved defendant, Mr. Dimon, because those claims are the same as those against Chase and are also time-barred. Plaintiff's Complaint, ECF 4, is DISMISSED WITH PREJUDICE. Plaintiff's motion for early discovery, ECF 6, is DENIED AS MOOT. This case will be closed. A separate Order follows.


Dated: August 11, 2025                                        /s/
                                                     Stephanie A. Gallagher
                                                     United States District Judge